**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN RICHARDSON, on behalf of herself and those similarly situated, | : <br> : <br> : |
| Plaintiff, | :    Civil Action No. 09-2265 (FLW) |
| v. | : |
| ALLIED INTERSTATE, INC. and John Does 1 to 25 | : <br> : <br> :    **OPINION** |
| Defendants. | : <br> : |

**WOLFSON, United States District Judge:**

Presently before the Court is plaintiff Karen Richardson's ("Plaintiff") appeal from a June 7, 2010 Order by the Magistrate Judge denying Plaintiff's Motion for Leave to Amend her Complaint. Plaintiff sought Leave to Amend to broaden the scope of her putative New Jersey class action suit against Allied Interstate, Inc. ("Allied" or "Defendant") to include a national class. On appeal, Plaintiff argues that the Magistrate Judge's denial of the Motion for Leave to Amend was based on clearly erroneous findings of fact and was contrary to law. For the reasons set forth below, the Court grants Plaintiff's appeal of the Magistrate Judge's June 7, 2010 Order Denying Plaintiff's Motion for Leave to Amend the Complaint and vacates that Order.

**I. Facts and Procedural History**

Plaintiff filed a class-action complaint in the Superior Court of New Jersey, Mercer County, on March 30, 2009, alleging that Allied violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. when it sent an employment verification form via facsimile to Plaintiff's workplace. The Complaint describes the proposed class (the "New Jersey Class") as:

> All New Jersey consumers for whom Allied sent, within the appropriate statutory period, a communication, the same as Exhibit A or a similar communication where Allied requested some or all of the same information in violation of the Fair Debt Collection Practices Act to the consumer's place of employment regarding a debt.

Allied removed the matter to this Court on May 12, 2009.  In September 2009, Plaintiff learned through Allied's response to Plaintiff's Request for Admissions that the total size of the New Jersey class was 94.  Four members of the class were private loan holders, such as Plaintiff, and the remaining 90 members held federal guaranteed student loans. Also at that time, Allied first articulated its position as to class certification.  Specifically, Allied argued that, as a private student loan holder, Plaintiff did not meet the typicality requirement of Fed.R.Civ.P. 23(a).  In a September 21, 2009 correspondence to Plaintiff, Allied explained its position as follows:

> Allied admits to sending a communication . . . to the place of employment of ninety-four individuals within the defined Class Period.  However, out of these ninety-four individuals, only four notices were sent to employers of individuals maintaining private student loans.  Plaintiff is one of these four individuals maintaining a private student loan.  The remaining ninety notices were sent relating to employers of individuals maintaining federally guaranteed student loans.  The FDCPA permits debt collectors to communicate with third parties (i.e. employers) to the extent "reasonably necessary to effectuate a post judgement judicial remedy," which, according to FTC official comments, means a "communication necessary for

2

> execution or enforcement of that remedy." 15 U.S.C. 1962(b); 53
> CFR § 50097.  Federal student loan guaranty agencies are authorized
> to collect on defaulted federal student loans through an administrative
> order authorizing wage garnishment, as opposed to a court order of
> judgment.  Contractors of federal student loan guaranty agencies, like
> Allied, are authorized to perform many of the activities needed by a
> guaranty agency to garnish a debtor's wages, which activities include
> "obtaining employment information on these individuals for the
> exclusive purpose of garnishment."

July 6, 2010 Declaration of Jay E. Kagan, Esq., Ex. C; May 3, 2010 Declaration of Jay E. Kagan, Esq., Ex. C.

Thereafter, on November 4, 2009, the Magistrate Judge conducted a settlement conference.  At this conference, Plaintiff first mentioned amending her Complaint to include a national class of loan holders.  Following the conference, the Magistrate Judge set March 31, 2010 as the discovery deadline.  On February 3, 2010 Plaintiff served Defendant with Interrogatories and a Notice to Produce.  On April 13, 2010, the Magistrate Judge extended the discovery deadline to May 31, 2010.  Thereafter, on April 20, 2010, Plaintiff moved to Amend her Complaint to include a national class (the "National Class") of private loan holders in addition to the original New Jersey Class.

By order dated June 7, 2010, the Magistrate Judge denied Plaintiff's Motion to Amend. In denying the Motion, the Magistrate Judge noted that Plaintiff could have moved to amend the class action allegations of her Complaint "as early as September 2009" and found that "an expansion of the putative class . . . at this stage in the litigation would force Defendant to incur additional costs to expand its discovery responses to include a nationwide search of its records and databases." June 7, 2010 Order, page 3.  As a result, the Magistrate found that Defendant "will consequently suffer prejudice if Plaintiff is given leave to amend." Id.  The Magistrate

3

Judge recognized that leave to amend should be liberally granted, but nevertheless found that "Plaintiff's delay in filing the instant Motion without sufficient justification together with the resulting hardship to Defendant" warranted the denial of Plaintiff's Motion.  Id.

   On June 17, 2010, Plaintiff filed the instant appeal, arguing that the Magistrate Judge's denial of her Motion should be vacated because it is based on "four clearly erroneous findings of fact." Plaintiff's Brief, page 6.   Plaintiff further argues that the Magistrate Judge's denial of Plaintiff's Motion was contrary to law because the Magistrate Judge "misapplied" the "liberal amendment policy" encompassed in Fed.R.Civ.P. 15.   Id. at 9.

## II. Standard of Review

   "A United States Magistrate Judge may 'hear and determine any [non-dispositive] pretrial matter pending before the court.'"   Cardona v. Gen. Motors Corp., 942 F.Supp. 968, 971 (D.N.J.1996)  (quoting 28 U.S.C. § 636(b)(1)(A)); see also Fed.R.Civ.P. 72(a).  The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); L. Civ. R. 72.1(c)(1)(A). "In this regard, 'the magistrate judge is accorded wide discretion.'"   United States v. Sensient Colors, Inc., 649 F.Supp. 2d 309, 315 (D.N.J. 2009) (citing Miller v. Beneficial Mgmt. Corp., 844 F.Supp. 990, 997 (D.N.J. 1993)).   The parties do not dispute that the clearly erroneous or contrary to law standard of review is applicable to Plaintiff's appeal from the Magistrate Judge's denial of her motion for leave to amend.  See Sensient Colors, 649 F.Supp.2d at 315 n. 5 ("[T]he clearly erroneous or contrary to law standard of review is applicable to a motion to amend on appeal from a magistrate decision.")

   A magistrate judge's finding is clearly erroneous when, although there may be some

evidence to support it, the reviewing court, after considering the entirety of the evidence, "is left with the definite and firm conviction that a mistake has been committed." Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J.1990) (quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J.2000) (citations omitted). A magistrate judge's decision is "contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." Kounelis v. Sherrer, 529 F.Supp.2d 503, 518 (D.N.J. 2008) (citing Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J.1998)). "The burden of demonstrating clear error rests with the appealing party." Sensient Colors, 649 F.Supp.2d at 315 (citing Kounelis, 529 F.Supp.2d at 518). The parties

## III. Discussion

Under Rule 15(a), a party may amend her pleading "once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a). At all other times, "[t]he court should freely give leave when justice so requires." Id.; Foman v. Davis, 371 U.S. 178, 182 (1962). The decision to grant leave to amend is left within the discretion of the court. Coulson v. Town of Kearny, No. 07-5893 (PGS), 2010 WL 331347, *3 (D.N.J. Jan. 19, 2010) (citing Foman, 371 U.S. at 182). "Pursuant to Foman, leave to amend may be denied on the basis of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment." Id. at *3; Foman, 371 U.S. at 182; see also Long v. Wilson, 393 F.3d

5

390, 400 (3d Cir. 2004) ("absent undue or substantial prejudice, an amendment should be

allowed under Rule 15(a) unless denial [can] be grounded in bad faith or dilatory motive, truly

undue or unexplained delay, repeated failure to cure deficiency by amendments previously

allowed or futility of amendment.") (internal quotations and citations omitted).

     The Magistrate Judge considered Plaintiff's Motion for Leave to Amend under

Fed.R.Civ.P. 15(a), and applied the Foman factors, noting that leave to amend can be denied "if:

1) there has been undue delay, bad faith, or dilatory motive; 2) if the amendment would be futile;

or 3) if there would be prejudice to the other party (Hill v. City of Scranton, 411 F.3d 118, 134

(3d Cir. 2005))."  In denying Plaintiff leave to amend, the Magistrate Judge made the following

findings:

> Plaintiff could have moved to amend the class action allegations
> of her Complaint from one encompassing only New Jersey
> residents to that of a nationwide class as early as September 2009;
> and the Court finding that an expansion of the putative class as
> proposed by Plaintiffs at this stage in the litigation would force
> Defendant to incur additional costs to expand its discovery
> responses to include a nationwide search of its records and
> databases; and the Court further finding that Defendant will
> consequently suffer prejudice if Plaintiff is given leave to amend;
> and the Court recognizing that leave to amend should be liberally
> granted, however, finds that Plaintiff's delay in filing the instant
> Motion without sufficient justification together with the resulting
> hardship to Defendant warrants denial of this application . . . .

June 7, 2010 Order, page 3.  Accordingly, it is clear that the Magistrate Judge's denial of leave to

amend was based upon a finding of undue delay and resultant prejudice to Allied.

     Plaintiff raises a number of claims of error on appeal.  First, Plaintiff cites the Magistrate

Judge's reference in the June 7, 2010 Order to "the May 31, 2010 discovery deadline," arguing

that the Magistrate Judge erroneously found that the discovery deadline had already passed. Contrary to Plaintiff's assertion, however, the Magistrate Judge made no such finding.  Rather, reference by the Magistrate Judge to the May 31 discovery deadline was made in connection with Allied's argument that the proposed amendment would require an extension of the discovery deadline.  The Magistrate Judge was certainly aware that after Allied's opposition papers had been filed, but before the Court had rendered a decision on the Motion for Leave to Amend, that the discovery deadline had been extended until June 30, 2010.  Indeed, the Magistrate Judge entered the Second Amended Scheduling Order extending the discovery deadline on May 28, 2010, only ten days prior to the entry of the Order denying Leave to Amend.

Equally unavailing are Plaintiff's claims of error in connection with the Magistrate Judge's ruling that Plaintiff failed to provide sufficient justification for the delay in filing the Motion for Leave to Amend.   Plaintiff was aware in September 2009 that out of the ninety four individuals that fell within the putative class, only four notices were sent to employers of private loan holders such as Plaintiff.  Allied informed Plaintiff at that time of its position that, as a private loan holder, Plaintiff could not meet the typicality requirement of Fed.R.Civ.P. 23(a) because her claims were not typical as to the remaining 90 members of the proposed class who maintained federal guaranteed student loans.   Plaintiff justified her seven month delay in seeking leave to amend by asserting that she had been attempting to work out the amendment by Agreement.  The Magistrate Judge, who was extremely involved with discovery, having held numerous conferences with the parties from September 2009 through April 2010, rejected Plaintiff's explanation, finding the delay without sufficient justification.  On appeal, Plaintiff simply reiterates her explanation that she delayed filing her motion to amend out of courtesy to

Allied because she was trying to work out the amendment by agreement.  Setting aside Defendant's assertion that Plaintiff's statement in this regard is abjectly false, Plaintiff points to nothing in the record that would provide any basis for this Court to reverse the Magistrate Judge's rejection of Plaintiff's explanation.

The inquiry, however, does not end there.  The question becomes whether Plaintiff's failure to provide sufficient justification for the delay constitutes "undue delay" such that the denial of the Motion for Leave to Amend was proper.  "The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay."  Cureton v. National Collegiate Athletic Association, 252 F.3d 267, 273 (3d Cir. 2001).  Indeed, the Third Circuit has held that "[d]elay alone is not sufficient to justify denial of leave to amend."  Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006).  "However, 'at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party.'"  Cureton, 252 F.3d at 273 (quoting Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984)). "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." Arthur v. Maersk, Inc., 434 F.3d at 204.

Plaintiff contends that it is reversible error in the Third Circuit to deny leave to amend based on a delay of less than 12 months without what Plaintiff characterizes as "severe aggravating circumstances."  Plaintiff's Brief, page 8.  Plaintiff relies on Arthur v. Maersk, Inc., 434 F.3d at 204, pointing to the Third Circuit's statement in Arthur that "only one appellate court uncovered in our research has approved of denial of leave to amend based on a delay of less than one year."  In Arthur, the plaintiff filed suit against his employers for negligence after he was

8

injured while working as a merchant seaman.  Arthur, 434 F.3d at 199.  Arthur filed his

complaint in May of 2002, and moved to amend in April of 2003 to add the United States as a

party, after it was confirmed, through discovery, that the government owned and operated the

ship on which the plaintiff had sustained injury.  Id. at 201.  After noting that there is "no

presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay

becomes 'undue'", the Third Circuit held that "a period of eleven months from commencement

of an action to the filing of a motion for leave to amend is not, on its face, so excessive as to be

presumptively unreasonable."  Id. at 206.  In Arthur the plaintiff provided sufficient justification

for the delay and there were no facts showing that the plaintiff acted in bad faith or with improper

motive.  Nor was there any finding of prejudice to the United States. The Third Circuit held that

while factors such as delay, bad faith, and futility may justify denial of leave to amend,

"prejudice to the non-moving party is the touchstone for the denial of an amendment."   Id at 204.

(citations omitted).   Because the United States was aware of the plaintiff's claims when the

action was initiated in 2002, the Third Circuit found that the United States had "received prompt

notice" of the action and "could have begun investigating Arthur's claim soon after it was filed."

Id. at 206.  In the absence of any prejudice to the United States and, in the absence of any other

Foman factors, the Third Circuit held that "the District Court was obliged to grant Arthur leave

to file the amended complaint."  Id. at 207.

On appeal, this Court must determine whether an unjustified seven-month delay coupled

with resultant "prejudice" to Defendant in the form of additional costs resulting from expanded

discovery supports the denial of leave to amend under the liberal pleading standards of Rule

15(a).  Contrary to Defendant's suggestion, Plaintiff's seven-month delay in moving to amend

without sufficient justification does not, without more, constitute "undue delay."  Indeed, in <u>Long v. Wilson</u>, 393 F.3d 390, 401 (3d Cir. 2004), the Third Circuit declined to adopt a rule that a compelling reason be supplied for the delay when seeking leave to amend under Rule 15(a), noting that "[s]uch a rule, if adopted, would certainly run counter to the well-established rule that amendments should be liberally allowed."  Therefore, in order to affirm the Magistrate Judge's denial of leave to amend, this Court must hold that the record supports the finding of prejudice to Defendant. <u>See</u> <u>Coulson v. Town of Kearny</u>, 2010 WL 331347, *4 ("Unless the delay at issue will prejudice the nonmoving party, a movant does not need to establish a compelling reason for its delay.");  <u>see</u> <u>also</u> <u>Arthur</u>, 434 F.3d at 204 ("We have consistently recognized . . . that 'prejudice to the non-moving party is the touchstone for the denial of an amendment.'") (<u>quoting</u> <u>Cornell & Co. v. Occupational Safety & Health Review Comm'n</u>, 573 F.2d 820, 823 (3d Cir. 1978)).

Clearly expansion of the putative class to include a national class will require additional discovery.  The record reflects that at the time the Motion for Leave was filed that Defendant had only provided Plaintiffs with responses in connection with the ninety-four individuals that fell within the New Jersey Class period.  The question, however, is whether this expanded discovery constitutes prejudice sufficient to support the denial of leave to amend under Rule 15(a). Claiming error on appeal, Plaintiff points to the deposition of Defendant's corporate representative, Kristen Husby, which took place on June 22, 2010, *after* the Magistrate Judge's denial of the Motion for Leave to Amend.  Setting aside the fact that in reviewing the decision of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), this Court is "bound by the clearly erroneous rule in reviewing questions of fact" and may not, therefore, receive further evidence,

10

see Haines v. Liggett Group Inc., 975 F.2d 81, 91 (3d Cir. 1992), Plaintiff's characterization of Ms. Husby's testimony is not entirely accurate.  Contrary to Plaintiff's assertion, Ms. Husby did not testify that a search of Allied's national database would only take twenty-minutes to conduct. Plaintiff's Reply Brief, pages 3-4.  Rather, Ms. Husby testified that in her search of the New Jersey private loan holders it took her "two to three weeks" to learn the query needed to conduct the search and then an additional forty minutes to locate the private loan holders in New Jersey who received the relevant communication.  Husby Dep. 81-82.

Nevertheless, this Court need not reach the issue of the amount of time to be expended on additional discovery because the Court does not find that the additional costs to Defendant resulting from expanded discovery constitute "prejudice" to Defendant under the facts presented. Indeed, the party opposing the motion must show "that the delay impaired its ability to defend against the suit or that it 'was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendment[] been timely."  Arthur, 434 F.3d at 206 (quoting Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989)).   "[T]he longer the unexplained delay, the less the plaintiff must show in terms of prejudice."  Long v. Wilson, 393 F.3d at 400 (citing Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993)).   Here, where the delay in amendment was only seven months, the deadline for discovery had not expired, and Defendant demonstrated only the need to conduct discovery that it would have been required to conduct had the Motion for Leave to Amend been timely in the first instance, Defendant has failed to demonstrate prejudice supportive of a finding of undue delay within the

liberal right to amend contemplated by Fed.R.Civ.P. 15(a).[1]  Significantly, had Plaintiff filed the

Motion for Leave to Amend in September 2009 immediately upon learning that she was only one

of four private loan holders in the New Jersey Class of 94, Allied would have had to engage in

the very same discovery for which it now claims prejudice.  Plaintiff only learned of the need to

amend *after* Allied had engaged in the initial discovery.  Accordingly, there is absolutely no basis

in the record upon which to find that Allied suffered prejudice as a result of Plaintiff's delay in

filing the Motion for Leave to Amend.

**IV. Conclusion**

        For the reasons stated above, the June 7, 2010 Order Denying Plaintiff's Motion for

Leave to Amend is vacated.   Plaintiff shall have ten days to file the Amended Complaint.

Defendant shall answer or otherwise move as to the Amended Complaint within twenty days

thereafter.




        Dated: August 26, 2010


                                        s/ Freda L. Wolfson
                                        FREDA L. WOLFSON, U.S.D.J.



--------

        [1]      Because Defendant did not raise futility of amendment as a basis for denial of
Plaintiff's Motion for Leave to Amend, this Court will not address the viability of Plaintiff's
claims in the first instance on appeal.  Accordingly, to the extent that Defendant seeks to
challenge the viability of Plaintiff's claims, it must now do so in the context of a motion to
dismiss or a motion for summary judgment.